# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | DIVISION ONE |
| Respondent, | ) ) | No. 71426-1-I |
| v. | ) ) | UNPUBLISHED OPINION |
| WALTER JONAS JIMERSON JR., | ) ) | |
| Appellant. | ) ) | FILED: March 2, 2015 |

DWYER, J. — Following a jury trial, Walter Jimerson Jr. was convicted of one count of burglary in the second degree. He now challenges his conviction, contending that the prosecutor improperly shifted the burden of proof during closing argument. Finding no error, we affirm.

I

On the morning of September 14, 2012, Jimerson entered a Bartell's drug store, approximately 15 minutes before the store opened for business. Store surveillance video showed Jimerson walking to a Pepsi cooler, then to a lighter display, and then to a cigarette case where, using a key he had taken from a cash register, Jimerson attempted to unlock the case. The store manager observed Jimerson's movements on the security monitor in his office. The manager then confronted Jimerson and detained him until police arrived. When the police searched Jimerson, they found two 20 ounce bottles of soda and two

cigarette lighters.

Jimerson was charged by information with one count of burglary in the second degree pursuant to RCW 9A.52.030.[1]

The case was tried to a jury. Following the close of evidence, the trial court instructed the jury on two defenses: (1) the premises were open to the public, and (2) Jimerson reasonably believed the owner would have permitted him to enter the store. The court also instructed the jury, "The defendant has no burden of proving that a reasonable doubt exists."

During closing arguments, the prosecutor stated, "You've seen the video, you've heard the testimony. You've heard the driver's license was taken off of Mr. Jimerson's person, had his name on it. There's been no other evidence presented that this was not Mr. Jimerson." Defense counsel interposed a timely objection, stating, "burden shifting." The court instructed the prosecutor, "Go ahead."

Jimerson was found guilty as charged. The trial court then imposed an exceptional sentence below the standard range.

Jimerson appeals.

II

Jimerson asks us to reverse his conviction. He contends that the prosecutor improperly shifted the burden of proof during closing argument, which created a substantial likelihood that the jury's verdict was affected. We disagree.

---

[1] "A person is guilty of burglary in the second degree if, with intent to commit a crime against a person or property therein, he or she enters or remains unlawfully in a building other than a vehicle or a dwelling." RCW 9A.52.030(1).

In order to prevail on a claim of prosecutorial misconduct, it is the defendant's burden to show both that the prosecutor's conduct was improper and that it was prejudicial. State v. Thorgerson, 172 Wn.2d 438, 442, 258 P.3d 43 (2011). "Any allegedly improper statements should be viewed within the context of the prosecutor's entire argument, the issues in the case, the evidence discussed in the argument, and the jury instructions." State v. Dhaliwal, 150 Wn.2d 559, 578, 79 P.3d 432 (2003). If misconduct occurred, and a timely objection was interposed, the defendant must then prove that "'there is a substantial likelihood [that] the instances of misconduct affected the jury's verdict.'" Thorgerson, 172 Wn.2d at 442-43 (alteration in original) (internal quotation marks omitted) (quoting State v. Magers, 164 Wn.2d 174, 191, 189 P.3d 126 (2008)).

"A criminal defendant has no burden to present evidence, and it is error for the State to suggest otherwise." State v. Montgomery, 163 Wn.2d 577, 597, 183 P.3d 267 (2008); accord State v. Cheatam, 150 Wn.2d 626, 652, 81 P.3d 830 (2003) ("Generally, a prosecutor cannot comment on the lack of defense evidence because the defendant has no duty to present evidence."). Thus, we have found argument to be improper where, during closing argument, the State argued that a criminal defendant's failure to present favorable evidence, despite having retained "a good defense attorney," indicated that no such evidence existed. See State v. Cleveland, 58 Wn. App. 634, 647-48, 794 P.2d 546 (1990); see also State v. Traweek, 43 Wn. App. 99, 106-07, 715 P.2d 1148 (1986) (finding argument improper where prosecutor suggested that defendant, if able,

was required to call witnesses and prove his innocence), <u>overruled on other grounds by</u> <u>State v. Blair</u>, 117 Wn.2d 479, 816 P.2d 718 (1991).

On the other hand, in a case similar to this one, we recently explained:

> The prosecutor did not argue or imply that *the defense* had failed to offer other reasonable explanations or comment on [the defendant's] failure to testify. Rather, he simply argued that *the evidence* did not support any other reasonable explanation. A prosecutor is entitled to argue inferences from the evidence and to point out improbabilities or a lack of evidentiary support for the defense's theory of the case.

<u>State v. Killingsworth</u>, 166 Wn. App. 283, 291-92, 269 P.3d 1064 (2012) (citing <u>State v. Russell</u>, 125 Wn.2d 24, 87, 882 P.2d 747 (1994); <u>State v. Boehning</u>, 127 Wn. App. 511, 519, 111 P.3d 899 (2005)).

The same is true of the prosecutor's challenged argument herein. The evidence discussed by the prosecutor in his argument preceding the challenged statement was evidence adduced by the State. The prosecutor noted the absence of contradicting evidence but did not expressly attribute the absence of such countervailing evidence to the defense. The prosecutor's challenged statement was, in fact, an allowable comment on the "lack of evidentiary support for the defense's theory of the case." <u>Killingsworth</u>, 166 Wn. App. at 292. The comment shifted no burden of proof to Jimerson. To the contrary, the statement simply discussed the totality of the evidence admitted in the case on an element of the offense charged—the identity of the perpetrator.

However, even were we to find the challenged statement to have been improper, no appellate relief would be warranted. The prosecutor's statement went to the element of identity. Yet, Jimerson's defense theory was that he

lacked the requisite criminal intent: "Mr. Jimerson was not there to commit burglary." Given this, there is not a substantial likelihood that the jury's verdict would have been affected by the prosecutor's statement. Furthermore, the jury instructions, in which the trial court made clear that the defendant had no burden to produce evidence in order to be acquitted, offer additional assurance that the jury's verdict was not based on a misapprehension of the State's burden of proof.

III

Jimerson submits a pro se statement of additional grounds pursuant to RAP 10.10. None of these grounds for additional review entitle him to appellate relief.

"[T]he appellate court will not consider a defendant's statement of additional grounds for review if it does not inform the court of the nature and occurrence of alleged errors." RAP 10.10(c). Generally, "the appellate court is not obligated to search the record in support of claims made in a defendant's statement of additional grounds for review." RAP 10.10(c).

While Jimerson lists several issues that could potentially be reviewable, he does not inform us of the nature and occurrence of the alleged errors. Instead, as evidenced by several of his requests, including, "All the other misconduct(s) you can find," and "Anything and everything you can find in the law books, to help me with this appeal," Jimerson attempts to enlist our aid. It is not our role "to search the record to find support for the defendant's claim." State v. Meneses, 149 Wn. App. 707, 715-16, 205 P.3d 916 (2009). Because none of Jimerson's grounds are sufficiently developed for review, we decline to reach them.

-5-

No. 71426-1-I/6

Affirmed.

_Dwyer, J._

We concur:

_Spearman, C.J._

_Cox, J._

FILED
COURT OF APPEALS DIV 1
STATE OF WASHINGTON

2015 MAR -2 AM 10: 2